Filed 8/1/16  P. v. Delara CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064419 |
| v. | (Super.Ct.No. INF1301675) |
| ROBERTO SOLIS DELARA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Anthony R. Villalobos, Judge.  Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Roberto Solis Delara appeals from an order denying his motion for resentencing pursuant to Penal Code section 1170.18.[1]  We find no error and affirm.

I

STATEMENT OF FACTS

On August 29, 2013, defendant withdrew his plea of not guilty and pleaded guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted a prior "strike" conviction alleged under Penal Code section 667, subdivisions (c) and (e)(1).  He received the agreed term of six years at sentencing, at which time seven prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) were dismissed.

Shortly after the adoption of Proposition 47 and section 1170.18, defendant filed a petition for resentencing under that statute with respect to the 2013 conviction.  The petition set out three of his prior felony convictions as also qualifying for reduction.[2]

The district attorney opposed the petition and requested a hearing on the issue of whether defendant posed an unreasonable risk of danger to public safety.  (§ 1170.18, subdivision (b).)  Eventually the district attorney filed a formal opposition in which they listed defendant's extensive criminal history.  As related, this history began in 1993 and consisted of petty theft (1993), burglary (1993), petty theft (1993), felony assault under

_____

[1]  All subsequent statutory references are to the Penal Code unless otherwise specified.

[2]  Two additional possession charges under Health and Safety Code section 11377 and a conviction for receiving stolen property under Penal Code section 496.

2

section 245 (1994), grand theft (1994), escape (1995), driving under the influence (DUI) causing injury (1996, two years state prison), spousal battery (1997, two years state prison), another spousal battery (1998, two years state prison), bringing a controlled substance into jail and resisting an officer (1999, two years state prison; defendant twice violated parole after that prison commitment), two first degree burglaries (that is, "strikes") (2001, two years state prison), possession of a controlled substance (2003, 16 months state prison), disturbing the peace (2004), receiving stolen property (2008, five years state prison; two more violations of parole), criminal threats (2012, also noted as a "strike"), and the current drug conviction from 2013.

At the hearing counsel for defendant argued that his prior history did not indicate that he was at risk of committing a super strike and that his age of approximately 45 years made violence less likely. The trial court disagreed and denied the motion.

II

DISCUSSION

If a defendant establishes that he qualifies for resentencing under section 1170.18, the court must resentence the defendant unless it "determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) Subdivision (c) describes the type of risk that will disqualify a defendant: "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (§ 170.18, subd. (c).)

That provision lists what are known as "super strikes" (see *People v. Johnson* (2015) 61 Cal.4th 674, 682) and includes those offenses considered to be most heinous or violent.[3]  A catch-all provision also includes "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death."[4]  (§§ 667, subd. (e)(2)(C)(iv)(VIII), 1170.12, subd. (c)(2)(C)(iv)(VIII).)  Hence, defendant was entitled to be resentenced unless the court properly found that he presented an unreasonable risk of committing such an offense.

The first issue raised by defendant concerns the appropriate standard of proof.  He argues that the prosecution was required to establish his dangerousness within the meaning of the statute under the "beyond a reasonable doubt" standard.[5]  He argues that once a defendant establishes his basic eligibility for resentencing, he should be considered as in fact subject *only* to that shorter term *unless* the prosecution proves dangerousness beyond a reasonable doubt.  He therefore analogizes "dangerousness" to an enhancement factor or a factor used to impose a sentence above the minimum.  (See *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490.)

---

[3]  The specifically listed offenses are any " 'sexually violent offense' " within the meaning of Welfare and Institutions Code section 6600, subdivision (b), certain child sex offenses, any homicide offense, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, and possession of a weapon of mass destruction.

[4]  One specific example would be a conviction for aggravated kidnapping under sections 209 and 209.5.

[5]  It is not disputed that the burden is on the People to establish dangerousness and disqualification from resentencing.

4

This argument was rejected in *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1301-1305 (*Kaulick*). The court there reasoned that "dangerousness is not a factor which enhances the sentence imposed when a defendant is resentenced under the Act; instead, dangerousness is a hurdle which must be crossed in order for a defendant to be resentenced at all. If the court finds that resentencing a prisoner would pose an unreasonable risk of danger, the court does not resentence the prisoner, and the petitioner simply finishes out the term to which he or she was originally sentenced." (*Id.* at p. 1303; accord, *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1060-1062.) Pertinently, the *Kaulick* court relied on *Dillon v. United States* (2010) 560 U.S. 817, 828-829 which found that decisions made under a statute designed to give prisoners the benefit of later-enacted reductions to a sentencing scheme did not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt.

We agree with *Kaulick* and reject defendant's assertion that once he established basic eligibility, his sentence immediately became that for a misdemeanor. (Obviously there was no such *actual* resentencing.) He was not entitled to resentencing until the court concluded that he was not dangerous, and the court could make that yea-or-nay decision based on a preponderance of the evidence.

The next question is whether the trial court's decision was correct. We review for abuse of discretion, which in this context also implicates the "substantial evidence" rule. (See *People v. Esparza* (2015) 242 Cal.App.4th 726, 744-745 (*Esparza*).)[6]

In this context defendant first argues that the trial court improperly considered the hearsay recitation of his criminal history. No objection was made in the trial court and defendant does not here even argue that he had not suffered those priors. Hence, we deem the issue waived and any error not prejudicial. (See *People v. Panah* (2005) 35 Cal.4th 395, 476.)

The People point out that if defendant commits *any* serious or violent felony in the future, he will be subject to a sentence of 25 years to life as a third striker. (§ 667, subd. (e)(2)(A).) Hence, in the People's view, he falls within the catch-all of section 1170.18, subdivision (c), even if he is unlikely to commit a super strike.

The People do not address the potential problem that this would in effect create two classes of inmates seeking to have prior felony convictions reduced to misdemeanors and resentencing thereon. That is, the dangerousness analysis for defendants with one or no prior "strikes" would be limited to whether they were likely to commit a super strike; those with two strikes would be evaluated with respect to whether they were likely to commit *any* serious or violent felony within the meaning of sections 1192.7 or 667.5. Arguably the distinction would be valid because those with two prior serious or violent

_____

**6** The court in that case also agreed with *Kaulick* on the "preponderance of the evidence" point. (*Esparza*, *supra*, 242 Cal.App.4th at p. 741.)

6

felony strikes are presumptively more likely to commit very serious crimes than defendants who have no such convictions, and may therefore properly be denied resentencing based on a lesser additional showing of dangerousness.

However, we need not resolve the question because we find the trial court's decision was supported by substantial evidence even as to the super strikes.

While it is quite true that defendant has not committed a super strike in the past, he has committed several crimes of violence and, most recently, the offense of making criminal threats of violence. Defendant's multiple convictions for spousal abuse are perhaps the most troubling.[7] It is common knowledge that such situations are incendiary and subject to escalation. It is also obvious that such offenses often revolve around sexual relationships. The trial court was not required to find that defendant had committed a fatal assault or a violent sexual assault against a spouse or cohabitant in the past before concluding that he represented an unreasonable risk of doing so in the future. We also note that defendant has been convicted of DUI with injury, and that vehicular homicide under section 191.5 is included as a super strike. Given defendant's continued abuse of narcotics, the risk of such an offense is also of legitimate concern. Finally, we note that defendant's consistent and uninterrupted[8] history of lawlessness reflects a lack of ability or intention to conform or change his approach to life and society. There was substantial evidence to support the finding of dangerousness.

---

[7] The record does not reflect who the victim of the criminal threats offense was.

[8] Except during periods of incarceration (and not always even then).

7

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____<br>Acting P. J.

We concur:


MILLER_____<br>J.


CODRINGTON_____<br>J.